UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARRYL ELLIOT,**

    **Plaintiff,**

vs.                                                            Case No. 8:05-cv-144-T-EAJ

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3)(1994), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)

---

[1] The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c)and Fed. R. Civ. P. 73. (Dkt. 10).

(citations omitted).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See, e.g., Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

In his application, Plaintiff alleges the onset of disability beginning on May 30, 2001.  (T 110, 126)  Forty years old at the time of the ALJ's decision, Plaintiff has a ninth-grade education.  (T 44, 69)  His past relevant work experience was as an automobile mechanic and as a manager of other auto mechanics.  (T 127)

A hearing was held before the ALJ on February 11, 2004.  (T 40)  The ALJ found that Plaintiff had not engaged in substantial gainful employment since his alleged onset date.  (T 25) The ALJ also found that Plaintiff's allegations were not totally credible in light of the objective medical and other evidence.  (T 22-23)  Additionally, the ALJ found that while Plaintiff is unable to perform any of his past relevant work, he has the residual functional capacity to perform a restricted range of light work.  (T 26)  Although Plaintiff has some exertional limitations, the ALJ determined that there is a significant number of jobs that Plaintiff would be able to perform and as such, Plaintiff was not disabled.  (T 26)

On November 24, 2005, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (T 3-5)

Plaintiff argues that (1) the Commissioner erred by failing to adequately evaluate Plaintiff's subjective complaints of pain and (2) the Commissioner did not give proper weight to the opinions of Thomas B. Freeman, M.D., Plaintiff's treating physician.

The medical evidence has been summarized in the decision of the ALJ, and will not be repeated here except as necessary to address the issues presented.

## II.

**A.**  Plaintiff argues that the ALJ erred by failing to adequately evaluate his subjective complaints of pain because the ALJ (1) improperly attributed Plaintiff's failure to obtain surgical relief to his unwillingness or inability to quit smoking; (2) improperly considered Plaintiff's unsuccessful attempts to gain employment to discredit Plaintiff's claim of disability; and (3) mischaracterized Plaintiff's statements regarding his ability to use a riding lawnmower and his ability to sit for extended periods of time, using them to discredit his claim of disability.[2]

When evaluating subjective complaints of pain, the Eleventh Circuit applies a three-part "pain standard."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  This standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  Id.  If the claimant

---

[2] Although Plaintiff presents these as separate issues, they are properly considered under the single issue of evaluation of Plaintiff's subjective complaints of pain.

Satisfies the first prong of the standard by demonstrating that an underlying medical condition exists, he or she may establish the existence of a disability by *either* providing objective medical evidence to confirm the claims of pain, or demonstrating that the medical condition could legitimately give rise to disabling pain. Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir. 1991).

In his order, the ALJ explicitly referenced the Eleventh Circuit's pain standard by citing Landry v. Heckler, 782 F.2d 1551 (11th Cir. 1986). (T 22) He also listed a number of specific reasons for rejecting Plaintiff's subjective claims of disabling pain: physician evaluation of objective tests, Plaintiff's election against recommended back surgery, Plaintiff's pursuit of light duty work, Plaintiff's changing statements regarding his capabilities, and the absence of any permanent restrictions from most physicians. (T 22-23)

The ALJ specifically addressed the findings of Sandra Roth, M.D., a neurologist who conducted a consultive examination of Plaintiff. (T 22) Dr. Roth concluded that there were inconsistencies between her medical findings and objective tests and Plaintiff's subjective complaints of pain. (T 22, 179) In addition, the ALJ found Plaintiff's refusal to undergo the surgery recommended by his physicians and his pursuit of light-duty jobs significant indicators that his claims of subjective pain were overstated. (T 22) The ALJ was also troubled by Plaintiff's inconsistent statements to his physicians regarding his physical capabilities and his levels of pain. (T 22-23)

Plaintiff asserts that the ALJ improperly considered his subjective complaints of pain by attributing Plaintiff's refusal to follow a treatment plan solely to Plaintiff's unwillingness to quit smoking, and that the ALJ did not take into account Plaintiff's inability to pay for the recommended surgery. Plaintiff cites King v. Apfel, 991 F.Supp. 1101 (E.D. Mo. 1997), in support of his argument

4

that the ALJ should have considered his financial situation in weighing the relevancy of Plaintiff's refusal to undergo the recommended surgery.

The proposition cited in King originated in an Eighth Circuit case, Tome v. Schweiker, 724 F.2d 711 (8th Cir. 1984). In Tome, the plaintiff suffered from diabetes and hypertension. Id. at 712. The ALJ found that the plaintiff's claims of subjective pain were not credible, in part, because he could not consider the extent of the plaintiff's difficulties which were due to the plaintiff's failure to follow a prescribed treatment program recommended by her physicians. Id. at 713. In reviewing the ALJ's decision, the Eighth Circuit referenced Social Security Regulations 20 C.F.R. § 404.1530 (1983), which provides that the failure to treat a reasonably remedial condition without sufficient justification will render a plaintiff ineligible for disability benefits. Id. The Tome court explained that the term "reasonably remedial" will vary with each individual circumstance and found that the lack of adequate resources to comply with a prescribed treatment plan was a sufficient reason in itself to justify non-compliance. Id. at 714. However, the court also noted that the justification must be supported by substantial evidence. Id. Based on the plaintiff's testimony and the medical reports, the Eighth Circuit concluded there was sufficient evidence in the record to show that the lack of financial resources was the driving factor in the plaintiff's failure to receive the prescribed medical care. Id. at 713-714.

In the instant case, Plaintiff has argued that the ALJ should have found Plaintiff's failure to undergo the recommended surgery justified because he could not afford the surgery. While Plaintiff did testify that his workers' compensation claim for the surgery was denied, there is no further testimony as to his personal inability to pay for the surgery. (T 70-71) Additionally, unlike in Tome, there is no evidence in Plaintiff's medical records that a lack of financial resources was a

contributing factor to his failure to follow the recommended treatment plan. The only impediment to the recommended surgery noted in Plaintiff's medical records is his failure to quit smoking. (T 172, 220, 256). [3] Further, the ALJ also noted Plaintiff's testimony that

Credibility determinations fall within the discretion of the fact finder, and as such, if the ALJ's determination is supported by substantial evidence, the court should not re-weigh that evidence. Wilson v. Heckler, 734 F.3d 513, 517 (11th Cir. 1984). Because sufficient evidence supports the ALJ's decision regarding the significance of Plaintiff's refusal to follow the prescribed treatment plan, the ALJ's reliance on this factor in determining the credibility of Plaintiff's subjective complaints of pain was proper.

When considering Plaintiff's subjective complaints of pain, the ALJ must clearly demonstrate that he or she has applied the "pain standard." See, e.g., Holt, 921 F.2d at 1223. Furthermore, if the ALJ discredits Plaintiff's subjective complaints of pain, the ALJ must "articulate explicit and adequate reasons" for doing so. Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). It is not necessary for the ALJ to "cite particular phrases or formulations" in making a credibility determination, but "broad findings" that the plaintiff lacks credibility are not sufficient to show that the ALJ considered the plaintiff's medical condition as a whole. Id. at 1562 (citing Jamison v. Bowen, 814 F.2d 585, 588-90 (11th Cir. 1987)).

---

[3] It bears mention that the ALJ also noted that while Plaintiff had testified that smoking is no longer a barrier to surgery due to the availability of new drugs, Plaintiff's continuing hesitancy to have surgery "suggests that pain levels are tolerable." (T 22) This finding has not been challenged by Plaintiff. Plaintiff also states that the ALJ failed to consider Plaintiff's fear of surgery because a family member had died during spinal surgery. However, Plaintiff also concedes that Dr. Baylis noted that, despite this fear, Plaintiff was amenable to surgery. (Dkt. 17 at 14 n. 14) Therefore, Plaintiff's unfortunate experience with another family member's surgery outcome does not undermine the ALJ's analysis of Plaintiff's subjective complaints, including pain.

In Allen v. Sullivan, the plaintiff suffered from a variety of orthopedic disorders and offered subjective complaints of pain in support of her disability claim. 880 F.2d 1200 (11th Cir. 1989). The ALJ deemed the plaintiff's claims of pain not fully credible and denied her claim of disability. Id. On appeal, the plaintiff alleged that the ALJ erred because he did not point out specific inconsistencies between her statements and other evidence. Id. at 1202. The Eleventh Circuit disagreed. Id. In rejecting the plaintiff's subjective complaints of pain, the ALJ cited testimony from a consulting internist, the plaintiff's lack of motivation for retraining, and the inconsistency in the plaintiff's testimony to the ALJ and statements she made to psychologists. Id. at 1203. The court found that because the ALJ had articulated at least three specific reasons for rejecting the plaintiff's subjective claims, the ALJ had provided sufficient justification in the record to reject the plaintiff's claims. Id.

In this case, the ALJ expressly referenced the Eleventh Circuit's pain standard. (T 22) He also listed numerous factors supporting his rejection of Plaintiff's subjective claims of disabling pain. In addition to Plaintiff's failure to follow the recommended treatment plan, the ALJ cited Dr. Roth's findings, and Plaintiff's changing statements regarding his physical capabilities. (T 22) The ALJ here, consistent with Allen, articulated at least three specific reasons supported by the record for rejecting Plaintiff's subjective claims of pain. Therefore, issue one does not entitle Plaintiff to relief.[4]

---

[4] Plaintiff's arguments alleging the ALJ's improper consideration of Plaintiff's pursuit of light-duty jobs and the ALJ's alleged mischaracterization of Plaintiff's ability to use a riding lawnmower, even if true, do not detract from the other evidence cited by the ALJ. Therefore it is unnecessary to address these arguments further. This court finds no merit to Plaintiff's suggestion that the ALJ in this case may have been pre-disposed against Plaintiff and denied him a full and fair hearing. The ALJ's role as fact-finder necessarily means that the ALJ will find some evidence more probative than other evidence and will resolve conflicts in the evidence. As stated previously, as

**B.** Plaintiff also argues that the ALJ did not sufficiently articulate the weight given to the opinions of Plaintiff's treating physician, Thomas Freeman, M.D, and in fact accorded no weight at all to the physician's opinion. In discussing this issue, Plaintiff also argues that the ALJ should have given "controlling weight" to Dr. Freeman's opinion, and that he erred by implicitly adopting the consulting neurologist's opinion.

In evaluating a disability claim, the opinion of the treating physician must be afforded considerable weight unless there is "good cause" to act otherwise. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). If the ALJ elects not to give the opinion of the treating physician substantial weight, he or she must articulate the reasons for doing so. Id.

The Eleventh Circuit has found "good cause" to exist when the objective medical evidence supports a contrary finding or if the opinion is merely conclusory. Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). In Schnorr, the plaintiff sought a disability determination based on claims of debilitating arthritis and pulmonary impairments. Id. at 579-80. One of the plaintiff's treating physicians stated that both the arthritis and pulmonary difficulties were "totally disabling." Id. at 580. Although that particular physician had treated the plaintiff, the doctor who performed the actual pulmonary tests testified that the test results merely suggested a debilitating lung condition, but were not diagnostic of such. Id. at 582. While the treating physician reported that the plaintiff's pulmonary impairments were significant, the diagnostic test results indicated the impairments were mild. Id. Because objective medical evidence did not support the treating physician's opinion, the

---

long as the ALJ's findings are supported by substantial evidence in the record (as in this case), this court may not re-weigh the evidence and reach a different conclusion.

Eleventh Circuit found that the ALJ had appropriately given little weight to the treating physician's opinion. Id.

In the case at hand, the ALJ explicitly noted that he had accorded the opinion of Plaintiff's treating physician little weight for several reasons. (T 23)  Although Dr. Freeman indicated on the Neurological Evaluation Form that Plaintiff was disabled (T 218), the  ALJ discounted that opinion based on a number of factors.  First, the ALJ noted that determinations of disability are not medical opinions and are reserved for the Commissioner. (T 23); See 20 C.F.R. §404.1527(e)(2).  The ALJ also stated that Dr. Freeman seemed to simply be repeating Plaintiff's allegations and that the physician  had declined to offer a medical opinion as to Plaintiff's work related restrictions.  (T 23, 212-217)  Additionally, no other physicians opined that Plaintiff was permanently disabled.  (T 23) Gene A. Balis, M.D., a neurosurgeon who conducted an Independent Medical Evaluation, found that if surgery were performed, Plaintiff's only restriction would be from performing heavy work.   (T 23, 256) Furthermore,  J. True Martin, M.D., a neurologist who examined Plaintiff immediately following the precipitating injury, indicated his belief that Plaintiff would be able to return to work within three weeks of Dr. Martin's examination.  (T 23, 231)  Finally, Robert Martinez, M.D., another of Plaintiff's treating physicians, indicated that Plaintiff retained the ability "to lift 20 pounds from a bent position, and 10 pounds repetitively."  (T 19, 245)

Because Dr. Freeman's opinion regarding Plaintiff's alleged disability was conclusory, and there is objective medical evidence in the record to support a contrary finding, there was "good

cause" for the ALJ to discount the opinion of Plaintiff's treating physician. Therefore, issue two does not entitle Plaintiff to relief.[5]

### Conclusion

Accordingly and upon consideration, it is ORDERED that:

(1) The decision of the Commissioner be **AFFIRMED**. The Clerk of the Court shall enter final judgment in accordance with 42 U.S.C. § 405 (g) and close the file, with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of March, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[5] Plaintiff also alleges that the ALJ rejected Dr. Freeman's findings regarding the results of a 2001 CT scan wherein he determined spinal and lumbar stenosis. However, the ALJ referred to this finding, as well as the later MRI scan by Dr. Martinez. (T 18-19) This issue does not entitle Plaintiff to relief either. Both physicians diagnosed degenerative disc disease, but the mere diagnosis of a disease does not demonstrate disability.